May it please the court, Doug Olson. I'm an assistant with the Minnesota Federal Defender's Office. I represent Mr. Koech. I was his trial counsel in a trial that we tried in Duluth and I'm his appellate lawyer as well. This appeal essentially raised two issues and I'm going to argue them in the reverse order that I briefed them in. I'd like to talk about the Interstate Commerce Clause as it affects this purely local case and the instructions related to that and then talk about the unconstitutional vagueness of the reasonable opportunity instruction. This is a case involving a customer, a customer solely who was convicted of sex trafficking of a minor, a statute which carries a 10 year mandatory minimum. Mr. Koech was a customer only and this is what happened. This is appropriately characterized as a completely local crime and the question was whether the evidence is sufficient to sustain the conviction under the Interstate Commerce Clause and if the instructions were appropriate. A person, a Mr. Mathis, a co-defendant who pled guilty and wasn't at the trial, had a 15 year old that he was interested in soliciting and pimping. He does two things. He walks her down the door, a person he knows somewhat. There's a meeting. There's a discussion. Nothing happens. So walk down the door. We're not talking about phone calls and discussions at that juncture. Several days later, there's some texts and phone calls. Several days later, he walks her down the street. This is in Duluth. It's a few blocks away. He walks her down the street. There's a discussion, exchange of money, $60 is exchanged, an attempt at sex and that's the crime that we're talking about here. So this is a completely local transaction and a completely local sex crime. So this is not a case in which you have a, he's not a pimp. Mr. Koech is charged singly for sex trafficking in count two of his, I'm not talking about the conspiracy charge at this minute. I'm talking about this 10 year mandatory minimum case. The pimp walks her down the street. This is not a case that involves hotels. It's not a case that involves interstate travel. It's not a case that involves cars. It's not a case that involves banking. Now there is a handful of texts and phone calls between the two to set these two up. There's no evidence in this record that those texts and phone calls are anything but local. There's no evidence that this has bounced around in interstate commerce or anything like that. So what we have is a complete local transaction. The government in their brief has cited a bunch of cases involving pimps. Those are of no help here. This is not a case involving a solicitation advertisement. The solicitations here that the government cites, Mr. Mathis independently was posting her information on Facebook and maybe on some other Internet sites. That has nothing to do with Mr. Koech. Mr. Koech didn't look at those and wasn't solicited by any Facebook posting or anything involving the Internet. So as to this particular crime, the Internet has nothing to do with it. Absolutely nothing. That may relate to the conspiracy count, but I'm talking here about this 10 year mandatory minimum. So you've got a perfectly local crime, walk down the street. That's what differentiates this case and that's why the interstate commerce clause is an important thing to analyze and to see if this, if not only was the jury properly instructed where the evidence is sufficient, you can't simply, and even with deference to the jury of course, you simply can't create evidence that doesn't exist. And one person A walks down a minor down the street and there's an exchange of cash. There's no interstate commerce involved in the transaction and you can't really just say that this is inter-affecting interstate commerce unless we want to just water down the commerce clause to absolutely nothing. I think the interstate commerce clause is an important, it's a constitutional requirement of the statute. This is not a statute which is based on some congressional findings that state that the very nature of the regulated activity such as drug cases. Those are different cases. This is a case that has this as an element. The crime itself has to be inter-affecting interstate commerce. And so if you take that evidence, it's missing. And like I said, I mean the government's primarily, they cite Facebook postings that have nothing to do with Mr. Kowalczyk or his crime. And then they cite the use of a telephone. Well the use of the phone here, no evidence that it was anything other than purely local and simply the use, you know, the fact that this phone was manufactured in China. This isn't an instrumentalities or means case in which that can find a jurisdiction. So the fact that a phone is manufactured somewhere else doesn't bring this into the sufficiency of evidence for the jury to find that this is inter-affecting interstate commerce. Mr. Olson, correct me if I'm wrong, but don't the 11th and 9th circuits sort of apply the RACHE framework to the sex trafficking statute? And if I'm right about that, what's wrong with their approach? Why should we create a circuit split? Well, I'm not sure that they actually do. One of the difficulties there is that if you look at these cases, primarily we're talking about cases that are being prosecuted involving pimps and involving the greater business involving pimps and prostitution. And what we're talking about here is, as to Mr. Koech, a customer, he's convicted as himself as a customer in this 10-year mandatory minimum for a crime to supposedly inter-affect interstate commerce and there is no such, there was no such facts. So I would disagree with the approach to the extent that they're applying it broadly and saying that actual effect of interstate commerce isn't required in cases where you're trying to prosecute a customer as in this instance here. As I understand it, those cases take the RACHE approach and essentially say that Congress has determined that there's this aggregate economic effect. And so why, if that's true, I mean, I understand your argument about a hemorrhoid being a customer, but if that's true, if Congress has made this aggregate economic effect determination as... I'm not sure that that is actually true. I think that if you look at the Anderson case, which was cited by the government Fifth Circuit case, they specifically state in that case that this is not one of those statutes where they read, because the statute requires that the prohibited act itself be inter-affecting interstate commerce, the government must prove the jurisdictional nexus on a case-by-case basis as it compared with other statutes, which permit the finding of regulated activity in the aggregate. So I think that there is a difference of opinion there and I'd say that the Anderson case in its analysis is the correct analysis, not the aggregate. So the answer is I disagree with the other circuits and I think that the better finding and the better holding is that in particular, you're looking at the specific case here where you've got purely local activity with one pimp walking down the street with a young lady, that it doesn't involve the required interstate inter-affecting commerce activity. Counsel, if there's the possibility of looking at the text messaging evidence, is there a possibility that if there's an instructional error here that it can be harmless? Well, I think that the answer is no. I think that my argument is that the statute and the interstate commerce and if you look at the overall, that would have been the required instruction, which I had asked for, is that there's an actual effect in interstate commerce. That's the correct interpretation of the law, the correct instruction, and that that cannot be determined to be a harmless error because it goes right to the element of defense and the defense. And it's not harmless in this particular instance because of the lack of evidence. If you look, any way you look at this, this is just a close call. At some point in time, these cases have to stop being federal or we'll just say that the Commerce Clause doesn't apply anymore. The Supreme Court hasn't ruled that. I suspect it's going to start, I have a sneaking suspicion it's going to go the other way. But as it stands today, the Supreme Court, the Commerce Clause doesn't apply. It's an important part of the Constitution. It is a constitutional requirement. So if we're going to just let it go away, we can't. And that's why there's got to be an actual effect in interstate commerce. And that's why in a close call case like this, where you look at this evidence, the evidence doesn't exist as to an actual effect in interstate commerce, is that the jury has to be properly instructed that they weren't in this instance. And so they can't be simply harmless by looking at the greater evidence, because there isn't some other greater evidence which would overcome the failure of the instruction to properly convey that important legal concept. In terms of now just going into the instruction itself, I've completely covered the lack of necessary components of the Commerce Clause in this particular statute. The judge should have instructed them that it required an actual effect in interstate commerce. And that comes right out of the Williams case and the Evans case. Parallel statutes, the Hobbs Act and money laundering statutes, which do require, in the cases do require an actual effect in interstate commerce. And I think it's important that since that is the standard, that that should be applied. I mean, it should come out black and white and the judge should have instructed it so that the lawyers can actually argue their theory of the case, not have it watered down to the instruction that was given to the court, which did not adequately convey that concept. My other issue on appeal has to do with the constitutional vagueness of the instruction. Reasonable opportunity to observe. This is a unique statute, which on the one hand, it has an element requiring either knowledge that the victim is under the age of 18 or you act in reckless disregard. Both standards, those are obvious, but then Congress wrote this statute, which then does away with the element if you have a reasonable opportunity to observe. The statute itself doesn't contain information as to what that reasonable opportunity to observe means. It doesn't say reasonable opportunity to observe that she's under the age of 18. It's got a built-in dilemma here, because one minute, five minutes, ten minutes a week, it might mean something different to different people. And that's where the ambiguity cries out. And the crux of the ambiguity and the problem, it's built into this piece of legislation is that you have cases where you're talking about somebody who doesn't look like they're under the age of 18. What does this mean if you have a reasonable opportunity to observe somebody who looks like they're 20 years old? Counselor, are you making a facial challenge to the statute as it's written or how it was applied in this case? Yeah, this would be as applied as a challenge to the statute. Well, then stick to the facts that we have here, where you have a defendant who actually did have the opportunity to be in the presence of the individual he's accused of victimizing and actually touched her. He was in her presence twice, but he was told by her, told by the pimp that she was over 18 years old. So there's contrary evidence, and if you look at his police interviews, he believed that she was over 18 years old. That's the dilemma here is that he may have had a reasonable opportunity to observe her, but his reasonable opportunity, his conclusion was that she appeared to be over 18 years of age. That's why this statute has this built in ambiguous and vague construction to it, because it really doesn't convey any meaningful information for the jury to decide how to apply it. Particularly in the context of this case where Mr. Koich maintained that he believed that she was over 18, that instruction was not only harmful, it was prejudicial error and requires a reversal. Thank you, counsel. We have a few seconds left for rebuttal, but I'll probably give you a half a minute or so, depending upon what you think you might need in reply to the government. Thank you. Ms. Walker? Good morning, your honors. May it please the court, Chelsea Walker, Assistant United States Attorney appearing on behalf of the United States. Your honors, I'll begin with the vagueness challenge where a counsel left off his argument because it is a threshold issue. The defendant's challenge to the statute is not properly before the court because the statute is not vague as applied to him. The statute sets forth three alternate mens rea options. The United States showed all three, but even looking at the one he is challenging, whether he had a reasonable opportunity to observe his minor victim, there is more than enough evidence in the record. The record shows they were together for a significant amount of time on three occasions in a closeup intimate setting. On the first day they met in his apartment, the entire purpose of the meeting was just so that he could inspect her. It was like a catapult. He examined her and touched her up and down. The second time they were together for 45 minutes in the defendant's bedroom, they were naked and engaged in various sex activities. When he was finished, he took photos of her naked on his cell phone as she was getting dressed. The minor victim testified that they had sex on a third occasion in his bedroom. I understand the defense counsel contest this, but this was testimony that was presented. But in total, they were together in close proximity in the most intimate of settings for approximately seven hours. During this time, as Chief Judge Smith, you noted, he was in her physical presence. He had an opportunity to view her physical attributes and her demeanor. He clearly had an opportunity to observe his victim because he knew that she was under 18. He told her that she was too beautiful to be 18. He also told law enforcement that he deleted the naked photos of her on his phone because he didn't want to be accused of possessing child pornography. Your Honors, this places the defendant's case squarely within the statute's parameters and is dispositive here. The defendant cannot establish that he did not have a reasonable opportunity to observe his victim. He has not demonstrated that the statute is vague as applied to his particular conduct. The Supreme Court has the facts of the case at hand. Because section 1591C is not vague as applied to the defendant, the court need go no further in its vagueness analysis. I will now turn to the jury instruction challenge unless your Honors have questions on the vagueness challenge. Turning to the jury instruction challenge, the district court did not abuse its discretion in instructing the jury that the interstate commerce element requires proof that the sex trafficking activities are in or affecting interstate commerce because the jury instruction was a correct statement of the law. The instruction was appropriate and was consistent with the law and the statute. Both the instruction and the statute require the activity to be, quote, in or affecting interstate commerce. The defendant argues that the district court erred because it did not include an affirmative instruction that added that the effect must be actual, not merely probable or potential. But like the defendant's proposed instruction, the district court's instruction also interprets affecting interstate commerce element to mean an actual effect on interstate commerce, even if it is a de minimis actual effect. The instruction accurately reflects the statute's text, which uses the phrase in or affecting passively, and clearly conveyed the interstate commerce standard to the jury. No additional instruction using his proposed actual effect language was required. And this is, your Honors, this is not like the cases cited in the briefing, the Fifth Circuit case in Anderson, the East Circuit case in Evans, or the East Circuit case in Williams, where the district court in those cases affirmatively instructed the jury that it was not necessary for the government to show that commerce was actually affected. In this case, the district court didn't think that the effects could be potential or probable. Notably, your Honors, there is no other challenge to the instructions here. There is no dispute that the effects can be de minimis or that there is no knowledge requirement with respect to the commerce element as stated by this court in Collier and the Ninth Circuit in Evans. Your Honors, read as a whole, in their entirety, the instructions make clear that there must be an actual effect. The district court instructed the jury on all of the elements of the crime charge and identified all of the essential elements as much. And in light of the entirety of the instructions given, it is clear that the district court did not err. But regardless, your Honors, even if the district court erred in its instruction, which it did not, as Chief Judge Smith raised, the error was harmless because the government offered ample evidence to satisfy the statutory commerce element. So the defendant was not prejudiced by its use. Both parties at trial argued under that standard and the defendant was able to make his defense to the jury an argument. The district court did not err by denying his jury instruction requests. Counsel, this is Judge Smith. What did the government put forth to establish effects on interstate commerce? Yes, your Honor. I think the record is clear that the government produced numerous pieces of evidence to the jury. But your Honor, looking only at the facts regarding his individual conduct on the substantive sex trafficking charge, because that is what defense counsel focused on here, the jury heard testimony that the defendant used his ZTE brand cell phone, which was manufactured in China, in furtherance of a sex trafficking venture. The jury saw the Verizon cell phone call records and text messages between the defendant and his co-defendant to facilitate the sex trafficking. The defendant heard testimony that the defendant took photos of the naked minor victim immediately after the sex acts on his cell phone. And the jury was presented with the more than dozen photos that he took of the minor victim on his cell phone. Your Honor, his cell phone use that was manufactured out of state was in furtherance of his sex trafficking activities. And that was enough on its own as the Sixth Circuit noted and touched on. But your Honor, there was more. The jury heard that he exchanged money for the sex. He was waiting for his payday to complete the transaction. He was putting money into interstate commerce. The Fifth Circuit and Anderson found that use of money moving interstate commerce can satisfy this element. The jury also heard testimony that he used a condom for the sex with his minor victim. There is no condom manufacturer in Minnesota. The Eleventh Circuit and Evans found that the use of condoms, in addition to the use of hotels, was sufficient evidence of interstate commerce. But your Honor, more broadly, as courts have noted, that engaging a child in a commercial sex act contributes to the national and international market of sex trafficking of children, even when the conduct occurred intrastate. Judge Grunder, as you raise the Ninth Circuit and the Eleventh Circuit, have followed the U.S. Supreme Court's decision in Gonzalez v. Reich that the commerce power reaches purely local activities that are part of an economic class of activities that have a substantial effect on interstate commerce. Anderson, as defense counsel, because the court there also correctly noted that the commerce element must be viewed on a case-by-case basis. But the acts as a whole should be... For example, Your Honor, as you noted, the Eleventh Circuit and Evans cited the congressional findings... Ms. Walker, try to stay closer to your mic. We're getting your audio is breaking up. Yes, Your Honor. The Eleventh Circuit and Evans cited two congressional findings regarding the impact of sex trafficking on interstate and foreign commerce combined with evidence that the defendant used and distributed condoms sufficiently satisfied the interstate commerce element of Section 1591. The Ninth Circuit and U.S. v. Todd also cited congressional findings coupled with evidence that the sex trafficking was conducted by advertising satisfied the interstate commerce requirement. Here, Your Honor, he personally engaged in affirmative economic activity that, when taken together, affects interstate commerce. Further, Your Honor, looking at the facts on the conspiracy charge further bolsters that finding. The jury heard evidence that his co-defendant posted advertisements on The other circuits have found that evidence that the defendant used websites to post advertisements featuring minor victims was sufficient to satisfy the interstate commerce requirement of Section 1591. Also, the jury heard evidence that, after the defendant paid his co-defendant the cash for sex with the minor victim, the co-defendant crossed state lines and used the cash to buy drugs. Your Honor, however, even if the court finds that the government's evidence of the interstate commerce element is minimal here, which it is not, it is still adequate. There is case law that states affirmatively that it can be a de minimis effect. The Fifth Circuit in Anderson said that the government needs to prove a de minimis effect on interstate commerce. While the statute uses this similar language as a jurisdictional element, violations that have a nearly de minimis effect satisfies the requirement, and defense counsel, based on defendant's proposed jury instructions, does not appear to dispute that. In addition, Your Honor, the fact that the defendant's conduct here was purely interstate does not change anything and is of no consequence here. Courts have found that under Section 1591A, even if the defendant's conduct was purely local to the state of Minnesota, his activities contribute to the market that Congress's comprehensive scheme seeks to stop. The leading case on this, Your Honors, is United States v. Evans, where the court addressed whether solely intrastate commercial sexual activity could satisfy the interstate commerce element of 1591A1. In that case, the defendant argued that because the conduct occurred solely within the state of Florida, the conduct did not impact interstate commerce. The Eleventh Circuit disagreed. Your Honors, considered in the light... Counsel, Counsel, we don't have to embrace Evans in order to decide this case, do we? No, Your Honors, no. That's absolutely correct. The evidence in this case is more than enough for a reasonable jury to find that the intrastate commerce element was met here. Your Honors, unless you have any additional questions, I'm happy to answer other questions that the court may have. Otherwise, the government would submit on the briefs and respectfully request that the court affirm on the merits below. I don't see any questions. Thank you, Ms. Welker. Thank you, Your Honors. Ms. Rilson? Thank you. There are no comparable cases involving a local pimp walking down an underage minor to somebody else's house, selling her for $60 and then being brought into federal court. That action does not bring this under the purview or satisfy the interstate commerce clause. The Anderson case makes clear in its analysis that the statute requires that the jurisdictional nexus be satisfied on a case-by-case basis, which wasn't satisfied here. Taking pictures on a phone, they weren't distributed. They don't go out in interstate commerce. The phone that's manufactured in interstate commerce, that doesn't go in interstate commerce. There's nothing about this offense which makes it inter-affecting interstate commerce and nothing actually affects interstate commerce. Counsel, this is Judge Smith. How about its congressional findings in the Supreme Court's language about it being the type of activity that has an aggregate effect on interstate commerce? I disagree with that. I point to the Anderson case. This particular criminal statute requires as to every conviction that's an element of the offense, they haven't written it out as an element of the offense. The greater congressional finding, that's fine in terms of the enactment of the statute, but the statute contains the very element itself. You can't just cite to the congressional findings in order to get around the facts which are necessary to bring it into court because it goes as an element to the jury. This gets cloudy in a lot of these cases because the jurisdictional interstate commerce clause element sometimes is satisfied differently. This is a particular statute that has that as an element and it doesn't say that you can rely on the congressional finding. Because the completely local activity is involved here and the instruction wasn't adequate as well to bring it in to show the instructed jury as appropriately, it has to be an actual effect on interstate commerce, this conviction must be reversed. Thank you, Mr. Olson. Thank you also, Ms. Walker. We appreciate both counsel's presence this morning and your participation in the oral argument. Your help is greatly appreciated. We will do our best with the matter under submission. Counsel may be excused.